1829.

Decarters
v.
La Farge.

---

### DECARTERS AND OTHERS v. LA FARGE AND OTHERS.

Where upon the hearing of a cause the counsel for the defendants abandoned the defence, after hearing the opening argument in behalf of the complainants, the court refused to grant a rehearing upon the ordinary certificate of counsel.

To obtain a rehearing under such circumstances, the defendants will be required to show a violation of duty on the part of their counsel, or that he had clearly mistaken either the law or the facts.

August 20th.

[*575]

THIS was an application for a rehearing. The object of the suit was to set aside a conveyance to La Farge, for about *36,000 acres of land in Jefferson county, made by Rottiers as the agent of the complainants, on the ground of fraud between the purchaser and agent. The cause was brought to a hearing at the last May term; and the opening counsel consumed nearly three days in reading and commenting on the pleadings and proofs. When the opening argument was concluded, the counsel for the defendant, Mr. John V. Henry stated to the court that he thought it unnecessary to occupy time in behalf of his clients, as he entertained no hopes of their success; that he felt confident of being able to show that some of the complainants' points were untenable; but that two points had been taken which he deemed

1829.

Decarters
v.
La Farge.

to be so decidedly against the defendants that in his opinion their defence could not be sustained. The two points alluded to were the absence of all proof of the alleged payment of a part of the consideration money to Rottiers on the purchase ; and the nature and suspicious character of the securities given for the residue. In justice to himself he ought to state that he had always advised his clients it was indispensable that they should have some proof of the payment which was alleged to have been made at the time of the same. He therefore declined arguing the cause on the part of the defendants ; and a decree was thereupon entered in favor of the complainants, setting aside the conveyance as fraudulent, and directing an account.

*H. Bleecker*, now presented a petition on the part of the defendants, La Farge and Rottiers for a rehearing, upon the ground that their proofs had not been read at length, and that the cause had not been argued on their part. The petition was accompanied by the certificate of two counsel, setting forth that they had perused the papers in the cause and were of opinion that there ought to be a rehearing. *Buck* v. *Fawcett*, (3 Peere Wms. Rep. 242,) was cited in behalf of the application.

*A. Van Vechten* and *B. F. Butler*, contra.

*THE CHANCELLOR :—I have recently decided that a rehearing in this court is not a matter of course on the usual certificate of counsel, except in those cases which are specially provided for by the 70th rule. (*Land* v. *Wickham*, 1 Paige's Rep. 256.) I have also found it necessary to alter the form of a certificate to be given by counsel on applications for rehearing, which at present is too vague and indefinite. (New Rules, 113.) In England a rehearing seems to be almost a matter of course : but I apprehend this is a case in which a rehearing would not be granted even there, without special cause shown. Respect will be

[*576]

CASES IN CHANCERY.

paid to the opinions of counsel who have deliberately examined a case; and who certify under their oath of office that they believe the court has come to a wrong conclusion. Yet when, as in this case, they merely certify their opinion that a rehearing ought to be granted; without giving any reasons or pointing out any error in the decree, their certificate is more than counterbalanced by the declaration of other counsel on the same side, who conducted the defence from the beginning, and prepared himself for the argument; and who, after hearing the able and convincing argument of the opening counsel for the complainants, abandoned the cause as wholly indefensible. The case on the part of the complainants is much stronger when we take into consideration the fact that the counsel, who thus declined arguing in opposition to their claims, is one of the oldest and ablest practitioners in this court, and is distinguished for his fidelity to his clients. To obtain a rehearing in such a case the defendants should show a violation of equity on the part of their counsel, or that he had acted under a clear mistake, either as to the law or the facts. That their counsel wilfully neglected his duty, no one can for a moment suspect; and there can be very little doubt of the correctness of his opinion both as to the law and the facts of the case. Although the testimony was not read at length, yet it was fully gone into by the opening counsel; and all that related to the two points upon which the defence was abandoned, was either read or referred to by the counsel, and [*577] noticed by the court. That which *was passed over related to the question of inadequacy of consideration, as to which I have never formed any opinion. The decree is founded upon the fact that the powers of Rottiers had been revoked before the conveyance; that La Farge either knew or had reason to believe such was the fact; that the $5,000 alleged to have been paid down, was never in fact paid; that the mortgage given back by La Farge to secure more than three-quarters of the purchase-money, including the interest for five years, was upon only one-half in quantity, and

upon less than one-third in value of the lands conveyed; and that the alleged bond, by which La Farge made himself personally liable for the payment, was not executed at the time, but had been since forged or antedated for the purpose of preventing the course of justice, by covering up the fraud.

The new power to Harrison, by which the authority of Rottiers was revoked, was executed by the complainants in Antwerp, on the 23d of June. Rottiers left that place suddenly and unexpectedly, and arrived in New York before the revocation reached this country. He arrived at Watertown, on Sunday morning, the 19th of August, and immediately set off for the residence of La Farge, taking his attorney with him; and before night he made a bargain for the sale of 36,000 acres of the complainant's lands, including the Cole and Shurtliff farms, with stock, &c. The next day a deed and mortgage were executed, and as the defendants allege, $5,000 in money was paid, and the bond given for the residue. But the subscribing witness to the mortgage saw no bond executed or money paid; and the defendants have not thought proper to call upon their attorney who was present to prove the fact, although they were advised by their counsel it was indispensable. I think also the complainants succeeded in showing, so far as it is possible to show a negative, that the money was not paid; and that La Farge had not the means of raising the money at that time. The poorest lots, both with respect to location and as to the quality of the land, appear to have been carefully selected and included in the mortgage; and the covenants and conditions therein contained appear to be wholly inconsistent with the idea that La Farge *was to be [*578] personally responsible. The bond is not referred to in the mortgage, and no person ever saw it until it was reluctantly drawn forth under the order of the court; and when finally produced, it turns out to be written on paper of a different size, texture and quality, from that on which the mortgage is drawn; with different ink, in a different handwriting,

and without any subscribing witness. If it is a criminal offence to hire witnesses to keep out of the way, it must be equally criminal to attempt to palm a forged and fictitious paper upon the court as evidence, for the purpose of perverting the course of justice; and under the circumstances I thought it my duty to direct the counsel to place the papers in this case in the hands of the district attorney of the proper county. That question cannot be reviewed on this application; and I have only adverted to the fact for the purpose of showing the improbability of changing my opinion on the question of fraud.

The petition for a rehearing must be dismissed with costs.