LEVI W. HALL, RESPONDENT, v. JOSEPHINE F. CROUSE, ADMINISTRATRIX, AND WILLIAM COWIE, ADMINISTRATOR, ETC., OF HENRY CROUSE, IMPLEADED, ETC., APPELLANTS.

*Mortgage to secure future advances — object of, may be proved by parol — Advances made after attaching of subsequent lien — Security for future costs — may be taken by attorney.*

A mortgage may be executed or a judgment confessed as security for future advances, to be made in pursuance of a cotemporaneous agreement, and such mortgage or judgment will be valid and effectual as against subsequent incumbrancers having notice thereof. All advances made after the attaching of a subsequent lien, by mortgage or judgment are subject to the priority of the latter lien. The object for which the mortgage is given and the amount of the advances made may be shown by parol.

Parol evidence is also admissible to show that the mortgage was given to secure advances to be made by a party not named in the mortgage.

The English rule prohibiting attorneys from taking, in advance, a security for the payment of the future costs of the litigation is not in force in this State.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to foreclose a mortgage. The referee before whom the action was tried found that, on the 16th day of May, 1876, the defendant, James Clary, executed and delivered to the plaintiff his bond, under seal, conditioned for the payment to the plaintiff of the sum of $1,000 and interest in three months from the date thereof, and at the same time executed, acknowledged and delivered to the plaintiff, as collateral to said bond, a mortgage on premises described in the complaint, which mortgage was recorded in the clerk's office of Onondaga county on the 16th day of May, 1876. That the consideration upon which said bond and mortgage was executed was as follows : Isbun N. Ames, previous to the giving, and at or about the date of said bond and mortgage, had rendered legal services for James Clary. Levi W. Hall, the plaintiff, was consulted by Clary about his matters, he being under indictment for receiving stolen goods, and having other litigation. Mr. Hall, before he would engage in his behalf, required Clary to secure him for services which he might render. It was then agreed between Ames, Hall and Clary that Clary should execute the bond and mortgage described in the complaint as security for services rendered, or which might thereafter be rendered by Ames for Clary, and for services which might thereafter be rendered him by Hall. Under this arrangement Hall rendered services of the value of $335, and Ames rendered service of the value of $410, including the services before then rendered by him for Clary, making in all the sum of $745. The defendant, Henry Crouse, recovered judgment against the defendant, James Clary, on the 25th day of July, 1876, for damages and costs, $414.31. It apppeared that one item of Ames' charges against Clary accrued subsequently to the recovery of the Crouse judgment. As matter of law, on the foregoing facts, the referee found that there was due and unpaid on said bond and mortgage the sum of $745, and that the plaintiff was entitled to a decree of foreclosure and sale for that amount, which he directed, with costs.

*Edwin A. Kingsley*, for the appellants.

*Levi W. Hall*, respondent, in person.

SMITH, J. :

This action was brought to foreclose a real estate mortgage executed by James Clary to the respondent as collateral security for the payment of a bond given at the same time. Henry Crouse, the appellant's intestate, was a subsequent judgment-creditor of Clary, and he defended, alleging· that the mortgage was fraudulent and void, as against the creditors of the mortgagor. The bond was conditioned for the payment of the sum of $1,000 in three months from its date, with interest, and the like sum was the consideration expressed in the mortgage. Crouse having died subsequently to the commencement of the suit, the appellants were substituted in his place as defendants.

At the trial the plaintiff offered parol evidence tending to show that the bond and mortgage were executed to secure the plaintiff and Mr. Ames for any legal services which had been or might be rendered by them or either of them for Clary. An objection to the offer was overruled and the evidence was received.

It is contended by the appellants' counsel that notwithstanding parol evidence is, in general, admissible to show the actual consideration, although it be different from that expressed in the deed, the rule is limited to cases where the inquiry is material to an action between the parties to the deed. It is not necessary to decide that point in the present case, for the reason that if any error was committed at the trial in receiving the evidence, it was merely as to the order of proof. The plaintiff offered the evidence before he rested. It was not then material or necessary to his case, and if nothing had occurred subsequently to make it material, the reception of it probably would have been erroneous. The plaintiff having proved his bond and mortgage, was entitled *prima facie* to the relief demanded in his complaint without further proof. The burden of impeaching the consideration expressed in the mortgage and of showing fraud was on the defendant. For that purpose the defendant had a right to give parol proof of a different consideration from that expressed, and in fact he gave evidence to that effect. To that evidence it was competent for the plaintiff to reply, on the issue of fraud, and to give his version of the true consideration. All the evidence given by the plaintiff upon the subject, against the defendants' objection, was material and admissible for that

purpose, and if it had been offered after the defendant had opened the door to that inquiry, it would have been entirely unobjectionable. It is obvious that the defendant was not prejudiced by the reception of the evidence before he took the case, as he was thereby advised of the strength of the plaintiff's proof on that issue before he entered on his own.

It is next suggested for the appellants, that as nothing appears in the mortgage to show that it was intended as a security for future services, it is void against creditors so far as it was intended to cover such services. The position cannot be maintained. The law is well settled in this State, that a mortgage may be executed or judgment confessed as security for future advances, in whole or in part, made pursuant to a cotemporaneous agreement, and will be an effectual security for such advances against subsequent incumbrances having notice of the judgment or mortgage. (*Truscott* v. *King*, 6 N. Y., 147.) It is necessary, however, that the agreement, as contained in the record of the lien, whether by mortgage or judgment, should give all the requisite information as to the extent and certainty of the contract, so that a junior creditor may, by inspection of the record, and by common prudence and ordinary diligence, ascertain the extent of the incumbrance. (Id., Op. of JEWETT, J., p. 161, and cases cited by him.) Parol evidence is competent to show the object of the mortgage or judgment, and the amount of advances upon it. (Id.) But neither a mortgage or judgment can be rendered available to secure the party taking them, for future advances or responsibilities, by any subsequent parol agreement, in preference to the lien of a junior incumbrance. (Id., pp. 161, 162; *Walker* v. *Snediker*, 1 Hoff. Ch. R., 145; *Ex parte Hooper*, 19 Ves., 477; 4 Kent's Com., 176.) Where, however, a mortgage is given to secure future advances, the omission to state in it the object, subjects it to suspicion, and the holder will be put to strict proof of the payment of the consideration. (*Craig* v. *Tappin*, 2 Sandf. Ch. R., 78.) In the present case the mortgage and the parol agreement as to future services, made at the same time, are within the limitations above stated, and the mortgage is a valid security for the amount of such services found by the referee. The transaction appears to have been entirely fair on the part of the attorneys towards their clients, and there seems to be nothing inequitable in

enforcing it for the value of the services rendered, subject to the rights of intervening creditors.

It was also competent to show by parol, that by an agreement at the time between the parties to the mortgage and Ames, a part of the consideration was the services of Ames; in other words, that as to such part the plaintiff received the mortgage in trust for Ames. The evidence did not tend to contradict the mortgage (*Artcher* v. *McDuffie*, 5 Barb., 153), and the mortgage was a valid security for the services of Ames as well as those of the mortgagee, to the extent of the lien expressed in it.

There are some English cases holding that the courts will not permit an attorney to take a security in advance for the payment of the future costs of litigation (*Uppington* v. *Bullus*, 2 Drury & War. Ch., 188; *Jones* v. *Tupp*, Jacobs' Ch. R., 322; *Williams* v. *Negot*, id., 598; *Pitcher* v. *Rigby*, Price's Eq. R., 78); but in this State the courts have not gone to that extent. The only New York case cited by the appellants' counsel upon this point is *Merritt* v. *Lambert* (10 Paige, 352), which was affirmed by the Court for the Correction of Errors, *sub. nom.*, *Wallis* v. *Loubat* (2 Den., 607). That case was governed by the rule which prevailed before the Code that an attorney or solicitor could not be permitted to contract with his client previous to the termination of the suit for a part of the demand, or subject-matter of the litigation, as a compensation for his services. That was a suit for the specific performance of a contract for the exchange of lands. A receiver of the rents and profits of the premises in controversy had been appointed, and pending the suit the defendant sold his interest in one of his lots to a stranger, and such purchaser employed the defendant's solicitor to conduct the defense for him and agreed to give such solicitor all the rents and profits of the premises pending the litigation, in addition to the taxable costs of the defendant, who still retained a part of the premises in controversy, as an extra compensation for his services. It was held that such rents and profits constituted a part of the subject-matter of the litigation and that the agreement to give the same to the solicitor for his professional services was void, and that the solicitor was only entitled to his taxable costs as between solicitor and client. But under the provisions of the Code (§ 303), which is still in force, an attorney may stipulate with his client for

a part of the recovery as a compensation for his services. (*Benedict* v. *Stuart*, 23 Barb., 420.) But in the present case the agreement was not for a share of the subject-matter of the litigation, nor had it a direct tendency to prolong litigation like the agreement in *Merritt* v. *Lambert* (*supra*). It was merely an agreement by a client to secure his attorney and counsel for past and future services. We are not aware of any rule of law in this State which is violated by the agreement, or of any case in this State holding that such an agreement is void. Undoubtedly the mortgage in this case is subject to the scrutiny with which all transactions between attorney and client, and other parties in confidential relations to each other, are always regarded by the courts. That the client, Clary, executed the mortgage voluntarily, understanding its import, and that he has received the value of the amount reported due upon it, is obvious from the evidence and the findings of the referee. To that extent, we think it is a valid security.

Upon the questions of fact as to what was the true consideration of the mortgage, whether Clary was insolvent at the time of its execution, and whether the parties to it knew at the time that if enforced it would defeat the defendant Crouse in the collection of his demand, the testimony is conflicting and the findings of the referee are conclusive. The exceptions to his findings, and to his refusal to find as requested, on those questions are not well taken.

It is insisted that the hypothetical question put to the witness, Mr. Lyman, was improper, for the reason that it was inaccurate in respect to two of the facts stated as a basis for his opinion of the value of certain services rendered. No exception was taken pointing specifically to those inaccuracies. The only exception on that head was general, that the question assumed facts not proven. It assumed many other facts, which it is to be presumed were proven, since only the two above referred to are now alleged to be unproved. If the objections now urged had been pointed out at the trial, they might have been obviated. They are not now available to the appellant.

One other point remains. It is a settled rule that although a mortgage to secure further advances or services is valid, even when it does not express the object, yet advances made or services rendered after the attaching of a subsequent lien by mortgage or judg-

ment are subject to the priority of the latter lien. An opinion to that effect was expressed by Chancellor KENT, in *Brinkerhoff* v. *Marvin* (5 Johns. Ch., 320, 327). The point was expressly decided in *Lansing* v. *Woodworth* (1 Sand. Ch., 43) and *Goodhue* v. *Berrien* (2 id., 630; see, also, *Yelverton* v. *Shelden*, id., 481). The referee allowed the claim of Ames at the sum of $410, which, as appears from Ames' testimony, includes an item of thirty dollars for services in defending Clary in supplementary proceedings instituted on Crouse's judgment. That item should be excluded from the amount for which the plaintiff's mortgage is given priority over the judgment.

If the plaintiff consents to that reduction, the judgment so modified should be affirmed, without costs of the appeal to either party; otherwise the judgment should be reversed and a new trial ordered before another referee, costs to abide event.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.